IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**LUIS SILVA**                                          CASE NO.:

    Plaintiff,

vs.

**CONN APPLIANCES, INC.**                   **JURY TRIAL DEMANDED**

    Defendant.
_____/

## COMPLAINT

Plaintiff, **LUIS SILVA**, (hereinafter "Plaintiff") through undersigned counsel, hereby files this Complaint against Defendant, **CONN APPLIANCES, INC.** (hereinafter "Conn's" or "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* and Texas Debt Collection Practices Act, TEX. FIN. CODE. § 392.001 *et seq*.

## JURISDICTION AND VENUE

1. This is an action for actual damages, statutory damages, injunctive relief, costs and attorney's fees pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and Texas Debt Collection Practices Act, TEX. FIN. CODE. §392.001 *et seq*. ("TDCA").

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

3. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

1

United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012)

4. The alleged violations described herein occurred in Cameron County, Texas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

5. Plaintiff is a natural person, a resident of San Benito, Texas, Cameron County, and at all times relevant resided in this judicial district.

6. Defendant is a domestic for-profit corporation that conducts business in Texas and is located at 2445 Technology Forest Blvd., Building 4, 8th Floor, The Woodlands, TX 77381-5259.

## FACTUAL ALLEGATIONS

7. On or around July 2019, Plaintiff obtained the cellular telephone number at issue; (956) ***-3828.

8. Since that time, Plaintiff is, and has been, the regular user and carrier of the cellular telephone number (956) ***-3828. Plaintiff was the called party and recipient of Defendant's calls, described hereinafter.

9. Shortly after Plaintiff obtained cellular telephone number (956) ***-3828, he began receiving telephone calls to his cellular telephone number from Defendant seeking to recover an alleged debt.

10. Plaintiff, however, did not and does not, owe a debt to Defendant and was not in privity of contract with Plaintiff relative to the debt Defendant was attempting to collect upon.

11. Defendant placed an exorbitant number of telephone calls and text messages to Plaintiff's cellular telephone number (956) ***-3828 in an attempt to collect on an alleged debt.

12. Defendant called Plaintiff repeatedly and continuously from its Noble Systems "automatic telephone dialing system" in an attempt to find someone by the name of "Javier" whom Plaintiff does not know.

13. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "auto-dialer calls").

14. Plaintiff knew it was an auto-dialer because of the vast number of calls he received and because when he answered a call from Defendant, he would hear either a pre-recorded message asking him to hold the line for the next available representative, or an extended pause before a representative would come on the line.

15. During one of the initial call from Defendant to Plaintiff in late July or early August 2019, Defendant requested to speak with "Javier." Plaintiff was not familiar with, and did not know "Javier," so Plaintiff demanded that Defendant stop making calls, and sending text messages, to his cellular telephone. Plaintiff unequivocally revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's cellular telephone number (956) ***-3828 by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

16. Defendant, however, did not stop making calls to Plaintiff.

17. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was made without the "express consent" of the Plaintiff.

3

18. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone phone numbers: 361-602-8086, 361-602-3406, 361-602-3376, 361-602-3346, 361-602-8118, 361-602-3346, 361-333-1358, 361-333-1340, 361-593-6018, 363-727-1100, and 361-593-6018.

19. Defendant placed robo-calls to Plaintiff's cellular telephone on or about, August 16, 2019, August 20, 2019, August 21, 2019, August 22, 2019, August 27, 2019 and August 28, 2019. These calls began shortly after 8:00 a.m. and did not stop until shortly before 9 p.m.

20. As of today, it is estimated that Defendant has made between 50 to 60 unauthorized calls to Plaintiff from its Noble Systems automatic telephone dialing system dials numbers automatically from a list of numbers, with no human intervention involved at the time of dialing in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(1) and the Federal Communications Commission's ("FCC's") 2003 Order regarding the TCPA. See *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14092 (2003); *Adams v. Ocwen*, Case No. 18-81028, Dkt. No. 23 (M.D. FL. Oct. 29, 2018).

21. Defendant's ATDS dials telephone numbers automatically from a list of numbers, with no human intervention involved at the time of dialing, and is an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(1). *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sept. 20, 2018).

22. An essential component of Defendant's ATDS is that it uses a .csv file to upload numbers on to the system. Within this .csv file, Defendant is capable of generating random or sequential numbers to be dialed without any human intervention.

4

23. In addition, Defendant called Plaintiff in a "Broadcast" campaign using both an artificial voice and pre-recorded messages as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

24. In a broadcast campaign, the system automatically calls customers with no human being involved at the time of dialing. If a customer answers a call made in this mode, he will be automatically be connected to an artificial voice message through an Interactive Voice Response system (IVR). Furthermore, in this mode Defendant has the option of leaving a pre-recorded message for the called party if it recognizes a voicemail.

25. Plaintiff has received pre-recorded messages from Defendant.

26. Defendant also used its ATDS in a "Predictive" campaign to call Plaintiff's cellular telephone number.

27. In a predictive campaign the system automatically calls customers from a list of numbers with no human being involved at the time of dialing. If a customer answers a call made in this mode, the system will automatically transfer that caller to an available agent who will field the call.

28. At the time of dialing, agents fielding broadcast or predictive mode calls do not know what numbers are being dialed by the system, as the computer is randomly or sequentially dialing numbers without human intervention.

29. Agents only ever become aware of a customer being called if that customer answers and is then automatically transferred to the agent. At that time, the customer's demographic information automatically populates on the agent's computer screen. Prior to this, agents have no idea who the system is auto-dialing.

30. Plaintiff also received "abandoned calls" from Defendant.

31. Abandoned calls occur when Defendant's automated system calls more customers than it has agents available, and as a result a customer who answers hears nothing but dead air, as the Noble Systems automatic telephone dialing system is unable to transfer the call it dialed to a human being.

32. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Each subsequent call Defendant made to the Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

34. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

35. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling Plaintiff despite Plaintiff revoking any express consent the Defendant may have believed they had to call his aforementioned cellular telephone number.

36. Plaintiff's requests for the harassment to end were ignored.

37. As recent as October 8, 2019, Defendant sent a text message to Plaintiff in an attempt to collect on the alleged debt owed by "Javier." In response to the same, Plaintiff again directed Defendant to "stop" and to "[p]lease stop texting my phone and calling my phone." A copy of the aforementioned text message is attached hereto as **Exhibit A.**

38. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

39. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to Plaintiff's cellular telephone in this case.

40. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

41. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals informing Defendant that they do not wish to be called.

42. Defendant has had numerous complaints from consumers against them across the country asking not to be called; however, the Defendant continues to call the consumers.

43. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff by making calls that were unwanted and without consent.

44. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

45. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant calls.

46. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the

unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

48. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

49. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of stress, anxiety and mental anguish based on the unauthorized calls to Plaintiff's cellular phone.

## COUNT I
### (Violation of the Telephone Consumer Protection Act)

50. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 1 through 49.

51. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant wished for the calls to stop.

52. Despite Plaintiff demanding that the calls stop on multiple occasions, Defendant continued its pattern of harassment and abuse, and made it clear to Plaintiff that Defendant would

call from its automatic telephone dialing system as often as it liked until Plaintiff directed them towards the individual known only as "Javier."

53.     There is no way to describe Defendant's violation of the law other than willful and knowing. As a result, Plaintiff should be awarded treble damages of $1,500 per violation for the harassment and abuse Defendant put him through.

54.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using automatic telephone dialing system and pre-recorded messages and an artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a jury trial on all issues so triable and judgment against Conn Appliances, Inc., for statutory damages, actual damages, treble damages, injunctive relief from further violations, costs, and any other such relief this Court may deem just and proper.

## COUNT II
### (Violation of the Texas Debt Collection Practices Act)

55.     Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 1 through 49.

56.     Plaintiff is a "consumer" pursuant to TEX. FIN. CODE. § 392.001(1).

57.     Defendant is a "debt collector" pursuant to TEX. FIN. CODE. § 392.001(6), and engaged in "debt collection," pursuant to TEX. FIN. CODE. § 392.001(5).

58.     Defendant has violated TEX. FIN. CODE. § 392.302(4) by, among other things, causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a jury trial on all issues so triable and judgment against Conn Appliances, Inc., for actual damages, statutory damages of not less than $100 per violation, injunctive relief, costs, attorney's fees, and/or any other such relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| | *PRO HAC VICE COUNSEL* |
| **KHERKHER GARCIA FASS HAWLEY, LLP** | **KASS SHULER, P.A.**<br>1505 N. Florida Ave. |
| 801 Travis Street, Suite 2175<br>Houston, TX 77002<br>Tel: 713-333-1030<br>Email: rfass@kherkhergarcia.com | Tampa, FL 33602<br>Tel: 813-229-0900<br>Email: mschwartz@kasslaw.com |
| By:  /s/ Richard T. Fass<br>Richard T. Fass<br>Texas Bar No. 6849400 | By:  /s/ Matthew L. Schwartz<br>Matthew L. Schwartz<br>Fla. Bar. No. 15713 |